IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFONSO CONTRERAS, et al., § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> WEST GULF MARITIME § <br> ASSOCIATION, and § <br> COOPER/PORTS AMERICA, LLC § <br> *Defendants.* § | CASE NO. _____ <br><br> COLLECTIVE ACTION <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' COMPLAINT**

Plaintiffs Alfonso Contreras, Alberto Bahena, Jr., Vianey Karina Balderas, Eric De La Torre, William S. Gil, Tommy Lee Harris, Jacob Gilbert Hinojosa, Ronnie E. Jammer, Timothy Moore, Hermilo Moya, Maria D. Nolasco, Archie Preston, Jorge Alberto Ramos, Marco A. Rangel, Armando Rosales, Jr., Adrian Salinas, Thuy T. Tran, Barry Wells, Shawn Wilson, Felipe Antonio Zamora, and Felipe De Jesus Zamora, file this Original Complaint:

**I.**
**FACTUAL OVERVIEW**

1. Each of the plaintiffs is a member of the International Longshoremen's Association, AFL-CIO ("ILA") and works in and around the Port of Houston. Plaintiffs are all non-exempt employees who are paid by and through Defendant West Gulf Maritime Association, on behalf of member companies, including Cooper/Ports America, LLC.[1] Defendants are Plaintiffs' "employer" pursuant to the terms of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

---

[1] "The West Gulf Maritime Association will provide payroll, labor relations, unemployment compensation management, training, drug testing, and other services as directed and approved by the West Gulf Maritime Labor Committee." West Gulf Maritime Association Master Services Agreement, paragraph 2.

2. Defendants failed to pay Plaintiffs overtime for work performed. Plaintiffs properly recorded the hours they worked, and Defendants' own records prove that Plaintiffs were not paid overtime when they worked more than forty hours per week, in violation of the Fair Labor Standards Act ("FLSA").

3. Additionally, Defendants would only allow Plaintiffs to clock in and out after boarding a vessel on which they were assigned to work. However, Plaintiffs were required to be present before they were allowed to board and clock in. This waiting time was uncompensated, in violation of FLSA.

4. Plaintiffs bring this collective action on behalf of themselves and other similarly-situated non-exempt ILA members to recover unpaid overtime and other damages.

## II.
### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because all parties reside in this district and this is a district in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### PARTIES

7. Plaintiff Alfonso Contreras is a resident of the State of Texas and resides in Harris County, Texas. Contreras's Consent to be a party plaintiff is attached hereto as **Exhibit A**.

8. Plaintiff Alberto Bahena, Jr. is a resident of the State of Texas and resides in Harris County, Texas. Bahena's Consent to be a party plaintiff is attached hereto as **Exhibit B**.

9. Plaintiff Vianey Karina Balderas is a resident of the State of Texas and resides in Harris County, Texas. Balderas's Consent to be a party plaintiff is attached hereto as **Exhibit C.**

10. Plaintiff Eric De La Torre is a resident of the State of Texas and resides in Harris County, Texas. De La Torres' Consent to be a party plaintiff is attached hereto as **Exhibit D**.

11. Plaintiff William S. Gil is a resident of the State of Texas and resides in Harris County, Texas. Gil's Consent to be a party plaintiff is attached hereto as **Exhibit E.**

12. Plaintiff Tommy Lee Harris is a resident of the State of Texas and resides in Harris County, Texas. Harris's Consent to be a party plaintiff is attached hereto as **Exhibit F**.

13. Plaintiff Jacob Hinojosa is a resident of the State of Texas and resides in Harris County, Texas. Hinojosa's Consent to be a party plaintiff is attached hereto as **Exhibit G**.

14. Plaintiff Ronnie E. Jammer is a resident of the State of Texas and resides in Harris County, Texas. Jammer's Consent to be a party plaintiff is attached hereto as **Exhibit H**.

15. Plaintiff Timothy Moore is a resident of the State of Texas and resides in Harris County, Texas. Moore's Consent to be a party plaintiff is attached hereto as hereto as **Exhibit I**.

16. Plaintiff Hermilo Moya is a resident of the State of Texas and resides in Harris County, Texas. Moya's Consent to be a party plaintiff is attached hereto as **Exhibit J**.

17. Plaintiff Maria D. Nolasco is a resident of the State of Texas and resides in Harris County, Texas. Nolasco's Consent to be a party plaintiff is attached hereto as **Exhibit K**.

18. Plaintiff Archie Preston is a resident of the State of Texas and resides in Harris County, Texas. Preston's Consent to be a party plaintiff is attached hereto as **Exhibit L**.

19. Plaintiff Jorge Alberto Ramos is a resident of the State of Texas and resides in Harris County, Texas. Ramos's Consent to be a party plaintiff is attached herein as **Exhibit M**.

20. Plaintiff Marco A. Rangel is a resident of the State of Texas and resides in Harris County, Texas. Rangel's Consent to be a party plaintiff is attached hereto as **Exhibit N**.

21. Plaintiff Armando Rosales, Jr. is a resident of the State of Texas and resides in Fort Bend County, Texas. Rosales's Consent to be a party plaintiff is attached hereto as **Exhibit O**.

22. Plaintiff Adrian Salinas is a resident of the State of Texas and resides in Galveston County, Texas. Salinas's Consent to be a party plaintiff is attached hereto as **Exhibit P**.

23. Plaintiff Thuy T. Tran is a resident of the State of Texas and resides in Harris County, Texas. Tran's Consent to be a party plaintiff is attached herein as **Exhibit Q**.

24. Plaintiff Barry Wells is a resident of the State of Texas and resides in Harris County, Texas. Wells' Consent to be a party plaintiff is attached herein as **Exhibit R**.

25. Plaintiff Shawn Wilson is a resident of the State of Texas and resides in Harris County, Texas. Wilson's Consent to be a party plaintiff is attached hereto as **Exhibit S**.

26. Plaintiff Felipe Antonio Zamora is a resident of the State of Texas and resides in Harris County, Texas. Zamora's Consent to be a party plaintiff is attached herein as **Exhibit T**.

27. Plaintiff Felipe De Jesus Zamora is a resident of the State of Texas and resides in Harris County, Texas. Zamora's Consent to be a party plaintiff is attached herein as **Exhibit U**.

28. Plaintiffs bring this action on behalf of themselves and all other similarly situated non-exempt employees who are members of ILA who were not paid overtime for hours worked in excess of 40 hours per week.

29. The class of similarly situated employees sought to be certified is defined as follows:

> **All ILA members paid by WGMA in the last three years who were not paid overtime for the hours they worked in excess of 40 hours per week. ("FLSA Overtime Class Members").**

30. Plaintiffs also bring this action on behalf of all those who were unpaid for the time they spent waiting to perform work before WGMA allowed them to clock in.

31. That class of similarly situated employees sought to be certified as defined as follows:

> **All ILA members paid by WGMA in the last three years who were not paid for the time they were required to be on the job before they were permitted to clock in. ("FLSA Unpaid Work Class Members").**

32. WGMA is a Texas nonprofit corporation which may be served through its Registered Agent, Shareen Lamond, 1717 Turning Basin Drive, Suite 200, Houston, Texas 77029.

33. Cooper/Ports America, LLC is a domestic limited liability company which may be served through its Registered Agent, David Morgan, 2315 McCarty Dr., Houston, Texas 77029.

## IV.
## COVERAGE UNDER THE FLSA

34. At all relevant times, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. At all relevant times, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36. At all relevant times, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendants gather data from around the world in support of the transfer and management of cargo at the Port of Houston. Defendants pay for work that directly affects the stream of commerce and has and has had employees

engaged in commerce or the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have moved in or produced for commerce and have an annual gross volume of sales made or business done of more than $1,000,000.00.

37. At all relevant times, Plaintiffs and the FLSA Overtime Class Members and the FLSA Unpaid Work Class Members were engaged in commerce or in the production of goods for commerce.

38. As will be shown through this litigation, the Defendants treated Plaintiffs and the FLSA Overtime Class Members and the FLSA Unpaid Work Class Members as employees and uniformly managed and handled Plaintiffs' pay.

## V.
### ADDITIONAL FACTS

39. Lead plaintiff Alfonso Contreras has now learned that beginning at least as of the work week ending August 6, 2021 (and up until the work week ending March 24, 2023), he was not being paid overtime for hours worked in excess of 40 hours per week. He obtained and has reviewed from Cooper/Ports America LLC's payroll administrator, the West Gulf Maritime Association, his "Earning History by Transaction Date" which reveals he was underpaid at least $4,173.41 during that time frame.  The same report reveals that Lead Plaintiff Conteras was underpaid at least $2,693.86 since the work week ending May 13, 2022.

40. The FLSA entitles each Plaintiff to "unpaid overtime compensation" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

41. Lead Plaintiff Alfonso Contreras is therefore entitled to at least $5,387.72 (and as much as $8,346.82 in case of a willful violation) plus "a reasonable attorney's fee to be paid by Defendants, and costs of the action." 29 U.S.C. § 216(b).

42. All plaintiffs seek their unpaid overtime compensation, plus an additional amount as liquidated damages, plus reasonable attorney's fees and their costs.

43. Upon information and belief, Defendants are aware that it has failed to pay overtime earned and not paid.

44. Plaintiffs also seek compensation for the time they were required to wait before clocking in. Plaintiffs were not free to use that time as they wished and accordingly it should have been paid. 29 CFR § 785.14-17.

## V.
### FIRST CAUSE OF ACTION: FLSA VIOLATIONS

45. Plaintiff incorporates all preceding paragraphs herein by reference.

46. Defendants violated the FLSA by employing Plaintiffs and the FLSA Overtime Class Members, non-exempt employees, for workweeks longer than 40 hours without paying them overtime.

47. Defendants violated the FLSA by failing to include all earnings in the regular rate for purposes of calculating overtime compensation for the Plaintiffs and the FLSA Unpaid Work Class Members.

48. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to calculate and pay Plaintiffs and the FLSA Overtime Class Members overtime.

49. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to calculate and pay Plaintiffs and the FLSA Unpaid Work Class Members for time spent waiting.

50. Defendants' failure to pay overtime to Plaintiffs and the FLSA Overtime Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

51. Defendants' failure to pay Plaintiffs and the FLSA Unpaid Work Class Members was not reasonable or made in good faith.

52. Accordingly, Plaintiffs are entitled to (1) overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs, and (2) wages for the time spent waiting to clock in, as well as any overtime that waiting time might have generated, plus liquidated damages, attorneys' fees and costs.

## VI.
### CLASS AND COLLECTIVE ACTION ALLEGATIONS

53. Plaintiffs incorporate all preceding paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiffs were likewise imposed on the Putative Class Members.

54. Numerous individuals were victimized by Defendants' pattern, practice, and policy which was and is in willful violation of the FLSA.

55. Numerous other individuals who worked with Plaintiffs indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

56. Based on their experiences and tenure with Defendants, Plaintiffs are aware that Defendants' illegal failure to pay overtime and off the clock pay practices were imposed on the Putative Class Members.

57. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

58. Defendants' failure to pay wages and overtime compensation as required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

59. Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the Putative Class Members do not prevent class treatment, as they were treated identically with respect to the overtime and waiting time practices.

61. Plaintiffs have no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under the FLSA.

62. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent this class and collective action, many Putative Class Members likely will not obtain redress for their injuries and Defendants will reap the unjust benefits of violating the FLSA.

64. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class and provide judicial consistency.

66. The questions of law and fact common Putative Class Members predominate over any questions affecting solely the individual members. Among the most common questions of law and fact are:

a. Whether Defendants employed Plaintiffs the Putative Class Members within the meaning of the FLSA;

b. Whether Plaintiffs and the Putative Class Members worked off the clock because of Defendants' policies;

c. Whether Defendants excluded earnings from overtime payment calculation of Plaintiffs and the Putative Class Members;

d. Whether Defendants' decision to not pay time and a half for overtime for all hours worked by the Putative Class Members was made in good faith;

e. Whether Defendants' violation of the FLSA was willful; and

f. Whether Defendants' illegal pay practices were applied uniformly to all Putative Class Members.

67. Plaintiffs' claims are typical of the claims of the Putative Class Members. Plaintiffs and Putative Class Members sustained damages arising out of Defendants' illegal and uniform compensation policies.

68. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class of collective action treatment.

## VIII.
### JURY DEMAND

70. Plaintiffs hereby demand a jury trial.

## IX.
## PRAYER

Plaintiffs pray for relief as follows:

(a)  All unpaid overtime;

(b)  All unpaid waiting time;

(c)  All overtime due because of unpaid overtime;

(d)  An amount equal to (a)-(c) as liquidated damages;

(e)  Costs;

(f)  Attorney's fees;

(g)  Pre-judgment interest;

(h)  Post-judgment interest;

(i)  Additional equitable relief as authorized by statutes; and

(j)  All such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully submitted,

**MIZE PC**

_____
**Katherine T. Mize**
Federal I.D. No. 15523
State Bar No.: 00784617
Email: katherine.mize@mizepc.com
717 Milam, Suite 1200
Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670

GILMAN ALLISON, LLP

_/s/ Douglas T. Gilman_

**Douglas T. Gilman**
Federal I.D. No. 596954
State Bar No.: 24048496
**Brenton J. Allison**
Federal I.D. No. 36863
State Bar No.: 24040417
Email: ballison@gilmanallison.com
2005 Cullen Blvd.
Pearland, Texas 77581
Telephone: (713) 225-5767
Facsimile: (866) 543-3643

**ATTORNEYS FOR PLAINTIFFS**